CARRIERS (§ 287*)—INJURY TO PERSON SEEKING TRANSPORTATION—EMERGENCY CAUSED BY NEGLIGENCE OF DECEDENT.

> In an action for death, where it appeared that plaintiff's intestate came rapidly toward a moving train and attempted to board it, and the assistant conductor, in attempting to prevent intestate from boarding, pushed him away and caused him to fall, resulting in his death, the defendant could not be held liable because the conductor used more force than necessary in meeting the emergency.

> [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 1154; Dec. Dig. § 287.*]

Appeal from Trial Term, Albany County.

Action by Hanora Dwyer and another, as administrators of the estate of James Dwyer, deceased, against the New York Central & Hudson River Railroad Company. Judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

William P. Rudd, for appellant.

Thomas S. Fagan, for respondent.

SMITH, P. J. The judgment has charged the defendant with having caused the death of plaintiff's intestate by reason of its negligence. On the 1st day of October, 1907, at Bedford, in the county of Westchester, plaintiff's intestate attempted to board a train of the defendant after the train had started from the station and while it was in motion. The defendant's assistant conductor leaned far enough out from the train to push the plaintiff away and prevent his boarding the train. The result of the force used was that plaintiff fell over backward and struck upon his head upon one of the ties of another track, and in three days died. The learned trial judge recognized the right of the defendant's servant to prevent the plaintiff's intestate from boarding the train. That right would seem to be undoubted. The train was not a vestibuled train. The plaintiff's intestate might easily have fallen between the cars or under the wheels, and it was clearly the duty of the defendant's servant to use such force as was necessary to protect him from peril, the possible result of his own negligence. The jury has determined that the defendant's servant used more force than was necessary, and it is upon this theory that the judgment was obtained, and is sought here to be sustained.

We are of the opinion that the defendant is not justly chargeable with the death of the plaintiff's intestate. By his own negligence he had created an emergency which the defendant's servant was required to meet. Just how much force was necessary to prevent the plaintiff's intestate from boarding the train it was impossible to tell. He was a man who weighed 170 or 180 pounds, and was coming toward the train partly running and partly staggering, as the defendant's serv-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant swears. The defendant's assistant conductor stood upon the step of the platform just below the top. Holding on with his right hand he reached over with his left and pushed the plaintiff's intestate away. With what persistence plaintiff's intestate would attempt to force an entrance to the train defendant's servant had no knowledge. If in that emergency, created by the negligence of the plaintiff's intestate himself, the defendant's servant used more force than was necessary, the defendant should not be held liable for a mere mistake of judgment upon his part as to the amount of force necessary to be used. In 29 Cyc. 434, the rule is laid down as follows:

"Acts in Emergencies.—Persons suddenly placed in a position of peril and impending danger do things which ordinarily would be acts of negligence; but acts done in such extreme circumstances are not to be judged by ordinary rules. And if an act has to be performed within a brief period, with no time in which to determine the best course, negligence cannot be predicated of it."

In Wynn v. Central Park N. & E. R. R. Co., 133 N. Y. 575, 30 N. E. 721, the headnote in part reads:

"It seems, when an employé of a railroad company is confronted with a sudden emergency, the failure on his part to exercise the best judgment the case renders possible does not establish lack of care and skill on his part."

Within this rule of law there is no evidence in the case which would justify this verdict. It is not claimed that the conductor struck him, or did anything further than to push him with his left hand while he was leaning over from the car. That plaintiff's intestate should have fallen upon the back of his head, and suffered an injury which caused his death, was not within reasonable anticipation, and upon the evidence was not caused by any act of the defendant's servant for which the defendant should be held liable.

The judgment and order should, therefore, be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur.